IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID E. WHITFIELD, | ) | CV F 04-5758 WMW HC |
| | ) | |
| Petitioner, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER RE PETITION |
| v. | ) | FOR WRIT OF HABEAS |
| | ) | CORPUS |
| | ) | |
| J. SOLIS, Warden, | ) | [Docs. 6, 19] |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  Petitioner filed his petition on May 25, 2004.  On January 27, 2005, the court ordered Respondent to file a response to the petition.  In response the court's order, Respondent filed a motion to dismiss on April 29, 2005.  Petitioner did not file a response to the motion, but on February 15, 2006, was given until March 10, 2006, to do so.  Petitioner has not filed a response to the motion, but has requested an extension of time.  However, upon review of the petition, the court finds that it must be dismissed as an unauthorized second or successive petition under 28 U.S.C. Section 2244(b).

Petitioner raises the following four grounds in support of his petition: 1) denial of effective assistance of counsel through defense counsel's failure to adequately advise Petitioner while in a conflict of interest; 2) counsel's failure to present a defense; 3) counsel's "prosestance" in getting petitioner to plead guilty knowing Petitioner's lack of education and "ability to an adequate defense"; 4) counsel's failure to object to the addition of charges after the plea agreement was made. Petitioner previously raised ineffective assistance of counsel claims in his first federal petition for writ of habeas corpus in case number CV F 00-7019 HGB P. That petition was denied on the merits.

Under AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(1) provides: "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>    (ii)  the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

In his prior habeas corpus petition in this court, Petitioner raised for claims of ineffective assistance of trial counsel. He claimed as follows:  1) counsel was ineffective for

not objecting to the August 30, 1994 amendment adding the allegations regarding the prior felony convictions; 2) counsel was ineffective for advising him to withdraw the guilty pleas he had initially entered to the sales of cocaine charges on June 1, 1994; 3) counsel was ineffective for waiving time for sentencing in order to investigate the alleged 1978 prior conviction; 4) trial counsel failed to obtain an expert to present mitigating evidence regarding Petitioner's mental and physical condition.

This court finds that Petitioner's fourth claim in the present petition regarding counselor's failure to object to the addition of charges after the plea agreement was made was previously raised as his first claim in his prior petition. Accordingly, the court concludes that this claim must be dismissed under Section 2244 (b)(1).

The court further finds that Petitioner has failed to meet the high standard under Section 2244(b)(2) to justify his failure to raise the other three claims presented in this petition in his prior petition. Although Petitioner offers several explanations for his failure, none of them have merit. As an explanation for why he did not present these claims earlier, Petitioner claims that in denying the previous petition, this court held that one of his claims of ineffective assistance of counsel was not raised in the state courts. The relevance of this ruling is unclear, as the specific claim then at issue is not raised in the present petition. Petitioner next makes a vague, conclusory and unsupported claim that the information in support of his present claims was not known and could not have been known, at the time of his first petition. Further, Petitioner makes the nonsensical assertion that "the new claims made herein would have been included in the prior petition had the court 'summarily and preemptively denied that petition.'" Finally, Petitioner asserts that an issue exists as to whether a habeas corpus petition qualifies as a second or successive petition within the meaning of Section 2244 where the prior petition was denied without prejudice. The court rejects the assertion that this is an issue in the present case, because Petitioner's prior petition was not denied without prejudice. Accordingly, the court concludes that the first three claims presented in this petition must be dismissed pursuant to 28 U.S.C. Section 2244(b)(2).

3

Based on the foregoing, the court HEREBY ORDERS as follows:

1)      Respondent's motion to dismiss is GRANTED and this petition for writ of habeas

        corpus is DISMISSED as a second or successive petition pursuant to 28 U.S.C.

        Section (b)(1) and (b)(2);

2)      Petitioner's request for an extension of time is DENIED; and

3)      The Clerk of the Court is directed to enter judgment for Respondent and to close this

        case.

IT IS SO ORDERED.

**Dated:     March 16, 2006**            _____/s/  **William M. Wunderlich**_____
bl0dc4                                   UNITED STATES MAGISTRATE JUDGE

4